UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                              :
In re:                                                        :        Chapter 11
                                                              :
DEWEY & LEBOEUF LLP,                                          :        Case No. 12-12321 (MG)
                                                              :
                        Debtor.                               :
                                                              :
-----------------------------------------------------------------X

**ORDER APPROVING AND AUTHORIZING IMPLEMENTATION OF CERTAIN
PROCEDURES FOR DISPOSITION OF FORMER CLIENT FILES**

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession for entry of an order approving, and authorizing the implementation of the Debtor's proposed procedures for disposing of former Client Files[2]; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and objections (collectively, the "Objections") having been filed by (1) Lloyd's America, Inc. and Corporation of Lloyd's [Docket No. 152]; (2) CitiStorage, LLC, ("CitiStorage") [Docket No. 161]; (3) Iron Mountain Information Management,

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2] For the avoidance of doubt, the File Disposition Procedures approved hereby apply to Client Files maintained in paper or hard copy format only and not to electronic files.

Inc. ("Iron Mountain") [Docket No. 162]; (4) Steven J. Stanwyck ("Mr. Stanwyck") [Docket No. 174]; and (5) Dewey & LeBoeuf [UK] LLP (registered in England and Wales with number OC355432) (in administration) (the "UK LLP"), acting by its joint administrators Messrs. Mark Shaw and James (a/k/a Shay) Bannon of BDO LLP (together, the "Joint Administrators") [Docket No. 175]; and the Debtor having filed its omnibus reply to the Objections (the "Omnibus Reply"); and the Court having considered the Objections and the Omnibus Reply at a hearing held on July 9, 2012 (the "Hearing"); and after due deliberation and sufficient cause appearing therefore and for the reasons set forth on the record of the Hearing, it is hereby

ORDERED that the Motion is hereby partially granted, as provided herein; and it is further

ORDERED that the Debtor is authorized to and shall implement the following procedures for the disposition of former Client Files (the "File Disposition Procedures"):

**No. 1. – The Debtor and/or its claims agent shall send a copy of the "Notice of Intent to Dispose of Client Files," substantially in the form attached hereto as Exhibit "A," to all former partners of DL via regular mail and to all former partners of the UK LLP by regular or electronic mail.**

**No. 2. – The Debtor and/or its claims agent shall make reasonable efforts to send a copy of the "Notice of Intent to Dispose of Client Files" via regular mail to those former clients whose files may be included in the Client Files and for whom the Debtor has current contact information.**

**No. 3. – The Debtor shall publish "Notice of Intent to Dispose of Client Files," substantially in the form attached to the Motion and hereto as Exhibit "A" in the global edition of <u>The Wall Street Journal</u>.**

2

**No. 4.** – The "Notice of Intent to Dispose of Client Files" shall advise that the Debtor may be currently in possession of certain Client Files which it intends to dispose of as part of its dissolution and Chapter 11 bankruptcy case.

**No. 5.** – To claim and retrieve a Client File, an interested party shall complete and return a File Retrieval Form which can be found at http://dm.epiq11.com/DEW/Project or by contacting the Debtor's counsel at:

> Togut, Segal & Segal LLP
> Attn: DL Client File Retrieval
> One Penn Plaza, Suite 3335
> New York, New York 10119
> Tel: (212) 594-5000
> Fax: (212) 967-4258

**No. 6** – Forty-five (45) days after the last date of publication or mailing of the "Notice of Intent to Dispose of Client Files," whichever is later, those Client Files for which no File Retrieval Form has been received shall be deemed abandoned by the former client.

**No. 7.** – To the extent a File Retrieval Form is timely received and to the extent the claimed file is a Client File that may be located by the Debtor, all information concerning the location of the file will be made available and, subject to payment of all costs attendant to retrieval by the former client or its qualified agent, such former client or attorney will be provided an opportunity to obtain the file and the same will not be disposed of or abandoned by the Debtor, as may be authorized by the Court in the future, if adequate arrangements are made with the Debtor and the possessor of the file (in the event the file(s) are in the possession of a third party storage facility) within thirty (30) days following timely receipt of the File Retrieval Form. The Debtor will retain the right to extend the thirty (30) day period in its discretion.

**No. 8.** – Notwithstanding the timely receipt of a File Retrieval Form, the Debtor, in consultation with its professionals, is authorized to make a determination as to (a) which, if any, of the Client Files must be withheld for use in the administration of the Debtor's estate and (b) what period of time such Client Files must be retained for such purposes.

**No. 9.** – To the extent any dispute arises with respect to (a) ownership or entitlement to certain Client Files, or (b) other matters related to the File Disposition Procedures, the Debtor will attempt to resolve such dispute among the interested parties in good faith and without the need for Bankruptcy Court intervention. If after good faith efforts among the parties to a dispute, such dispute continues, any party may schedule a hearing on not less than 14 days notice to the interested parties so that the Bankruptcy Court may consider and resolve the dispute. All persons

**wishing to be heard related to the noticed dispute must file and serve papers upon counsel to other interest parties no later than 7 days prior to the established hearing date. Any responding party shall have an opportunity to respond by filing and serving papers not less than 3 days prior to the established hearing date. Notwithstanding the foregoing, any party may request a hearing with respect to disputes referenced in this paragraph on less than 14 days notice for good cause shown. The Debtor will not dispose of any Client File that is the subject of a pending motion before the Court.**

And it is further

ORDERED that the File Disposition Procedures are fair, equitable and, under the circumstances, necessary and in the best interests of the Debtor's estate; and it is further

ORDERED, that pending further Order of the Court and to the extent permitted by any cash collateral budget governed by the terms of the Final Cash Collateral Order (as the same may be amended or modified after notice and hearing), the Debtor shall continue to pay post-petition storage charges for Client Files to CitiStorage; and it is further

ORDERED that nothing in this Order or the File Disposition Procedures shall prejudice the rights of any third party storage provider to assert any claim against the Debtor or the Estate on account of fees or costs incurred by such storage providers relating to or arising from Client Files, including but not limited to, administrative priority claim(s), unsecured or secured pre-petition claims(s) or lien(s) against the Client Files, or claims against third parties for storage and service charges arising from the Client Files; and it is further

ORDERED that, pending future Order of the Court, nothing in this Order shall authorize the Debtor to dispose of or abandon any Client Files; and it is further

4

ORDERED that the Motion shall be adjourned to July 25, 2012 or such later date as may be authorized by the Court, for the purpose of considering the Debtor's request for authorization to dispose of Client Files for which no File Retrieval Form is timely received by the Debtor, and it is further

ORDERED that the Debtor is authorized to withhold a Client File, to the extent such withholding is consistent with applicable Ethical Rules, if the Debtor maintains a claim against the former client for attorneys' fees;  and it is further

ORDERED that the File Disposition Procedures do not violate any ethical or professional rules that would otherwise require a law firm outside of bankruptcy to retain copies of client files for a set number of years after the file is closed;  and it is further

ORDERED that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order;  and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry;  and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 13, 2012
       New York, New York

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                                    United States Bankruptcy Judge

**EXHIBIT A**

12-12321-mg    Doc 237    Filed 07/13/12    Entered 07/13/12 08:53:47    Main Document
Pg 6 of 12

**EXHIBIT A**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Scott E. Ratner
Lara R. Sheikh

Proposed Counsel to the
 Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
In re:                                                         :    Chapter 11
                                                               :
DEWEY & LEBOEUF LLP,                                           :    Case No. 12-12321 (MG)
                                                               :
                        Debtor.                                :
                                                               :
---------------------------------------------------------------X

## NOTICE OF INTENT TO DISPOSE OF FORMER CLIENT FILES

Dewey & LeBoeuf LLP (" DL" or the "Debtor"), the above-captioned Chapter 11 debtor, has filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On July 13, 2012, the Bankruptcy Court entered an Order authorizing DL to dispose of former client files pursuant to the file disposition procedures set forth herein. Parties who believe that their file(s) are in the possession, or under the control, of DL and desire to retrieve such file(s) are asked to follow these file disposition procedures. **There is no requirement by any such party to retrieve a file(s) it otherwise does not wish to obtain.** After a certain period of time, set forth below, all unretrieved files may be destroyed.

1.  **HOW TO REQUEST AN OPPORTUNITY TO RETRIEVE YOUR FILE**

To request an opportunity to claim and retrieve a client file, (i) the former client on whose behalf services were rendered; (ii) a qualified agent of such client; or (iii) the attorney formerly or presently responsible for the file, shall complete and return a File Retrieval Form, according to the instructions contained therein, which can be

found at **http://dm.epiq11.com/DEW/Project#** or by contacting DL's bankruptcy counsel at:

> **Togut, Segal & Segal LLP**
> **Attn: DL Client File Retrieval**
> **One Penn Plaza, Suite 3335**
> **New York, New York 10119**
> **Tel: (212) 594-5000**
> **Fax: (212) 967-4258**

**Such forms should be received by no later than forty-five (45) days from the date of this notice.**

To the extent a File Retrieval Form is timely received, the identity of the client or qualified agent requesting the file(s) will be verified and, to the extent the claimed file is one that may be located by the Debtor, all information concerning the location of the file(s) will be made available and such former client or qualified agent will be provided an opportunity to obtain the file(s) subject to payment of all costs attendant to retrieval by such former client or qualified agent. Such file(s) will not be disposed of or abandoned by the Debtor if adequate arrangements are made with the Debtor or the possessor of the file within thirty (30) days following timely receipt of the File Retrieval Form. The Debtor retains the right to extend the thirty (30) day period in its discretion.

**2.    DISPUTED OWNERSHIP OF FILES**

To the extent any dispute arises with respect to (a) ownership or entitlement to certain files, or (b) other matters related to the file disposition procedures (including issues related to the costs attendant to removal, retrieval and storage of the Client Files), the Debtor will attempt to resolve such dispute among the interested parties in good faith and without the need for Bankruptcy Court intervention. If after good faith efforts among the parties to a dispute, such dispute continues, any party may schedule a hearing on not less than 14 days notice to the interested parties so that the Bankruptcy Court may consider and resolve the dispute. All persons wishing to be heard related to the noticed dispute must file and serve papers upon counsel to other interested parties and the interested parties no later than 7 days prior to the established hearing date. Any responding party and/or interested parties shall have an opportunity to respond by filing and serving papers not less than 3 days prior to the established hearing date. Notwithstanding the foregoing, any party may request a hearing with respect to disputes referenced in this paragraph on less than 14 days notice for good cause shown.

**3. CONSEQUENCES OF FAILURE TO REQUEST AN OPPORTUNITY TO RETREIVE A CLIENT FILE**

FOR THOSE FILES FOR WHICH NO FILE RETRIEVAL FORM IS TIMELY RECEIVED, THE DEBTOR HAS REQUESTED THE AUTHORITY TO ABANDON SUCH FILES.  ACCORDINGLY, YOUR FILE MAY BE DISPOSED OF IF YOU CHOOSE NOT TO ACT.

**THERE IS NO OBLIGATION TO RETREIVE YOUR FILE(S)**

Dated: New York, New York
_____, 2012

**BY ORDER OF THE COURT**

Togut, Segal & Segal LLP
Attorneys for Dewey & LeBoeuf LLP
Debtor and Debtor in Possession
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000

## EXHIBIT B

DEWEY & LeBOEUF LLP
CLIENT FILE DISPOSITION RESPONSE FORM

**This Form Must Be Completed And Returned By _____**

| | |
|---|---|
| Client: | |
| Dewey & LeBoeuf Client Number and Matter Number (if available): | |
| Contact Name and Relationship to Client (*i.e.*, attorney, authorized agent, etc.); | |
| Address: | |
| Direct Telephone: | |
| Fax Number: | |
| Email Address: | |

I • DO / • DO NOT (check one) wish to retrieve and take custody of ALL (you cannot choose to take some files and not others) **physical** records currently in the possession and/or control of the bankruptcy estate of Dewey & LeBoeuf LLP that has been determined to relate to legal services provided by Dewey & LeBoeuf LLP to me or my client.

I • DO / • DO NOT (check one) wish to retrieve and take custody of ALL (you cannot choose to take some files and not others) **electronic** records currently in the possession and/or control of the bankruptcy estate of Dewey & LeBoeuf LLP that has been determined to relate to legal services provided by Dewey & LeBoeuf LLP to me or my client.

I understand that if I wish to retrieve and take custody of my files, I will be responsible for all costs associated with retrieval of such files. I further understand that I will not be entitled to retrieve any files until I pay all of those costs.

I understand that Dewey & LeBoeuf LLP has not searched all of its electronic communications relating to legal services provided by Dewey & LeBoeuf LLP to me or my client. Electronic records may, therefore, not include all electronic communications relevant to such services.

I understand that all files transferred may be the originals of those in your files and I agree to provide you access to such files if the need arises. Additionally, to the extent that documents are sent to us in error, I confirm that we will immediately notify Dewey & LeBoeuf LLP and return or destroy such documents upon Dewey & LeBoeuf's request.

I understand that if I do not wish to retrieve and take custody of my files, or if I make no selection on this Response Form, or if I do not return this Response Form by the date at the top of the form, I authorize Dewey & LeBoeuf LLP to abandon my files.

_____    Return Completed Form To:
Signature

_____        Togut, Segal & Segal LLP
Print Name                                  Attn:  DL Client File Retrieval
                                            One Penn Plaza, Suite 3335
                                            New York, New York 10119
_____        Tel:  (212) 594-5000
Print Relationship to Client                Fax:  (212) 967-4258

_____
Date