Hearing Date and Time: May 13, 2013 at 2:00 p.m. (EST) (proposed)
Objection Deadline: May 13, 2013 at 10:00 a.m. (EST) (proposed)

Ned H. Bassen
Kathryn A. Coleman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Attorneys for Stephen DiCarmine and
Joel I. Sanders

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* <br><br> DEWEY & LEBOEUF LLP, <br><br> Debtor. | Chapter 11 <br><br> Case No. 12-12321(MG) |

### MOTION TO STRIKE THE REPLY DECLARATION OF ALAN M. JACOBS IN FURTHER SUPPORT OF THE MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(A), 362 AND 363 AND BANKRUPTCY RULE 9019 APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE DEWEY & LEBOEUF LIQUIDATION TRUST, XL SPECIALTY INSURANCE COMPANY AND STEVEN H. DAVIS

Stephen DiCarmine and Joel I. Sanders, by their attorneys Hughes Hubbard & Reed LLP, submit this motion to strike the Reply Declaration of Alan M. Jacobs [Docket No. 1419] (the "Reply Declaration") in Further Support of the Motion For Entry of an Order Pursuant to Sections 105(a), 362, and 363 and Bankruptcy Rule 9019 Approving the Settlement Agreement (the "Settlement") Between the Dewey & LeBoeuf Liquidation Trust, XL Specialty Insurance Company and Steven H. Davis dated April 22, 2013 [Docket No. 1372] (the "Motion").

62334513_1

**Preliminary Statement**

Following the filing of Messrs. DiCarmine's and Sanders' Motion to Strike the Declaration of Alan M. Jacobs in Further Support of the Motion for Entry of an Order Pursuant to Sections 105(A), 362 and 363 and Bankruptcy Rule 9019 Approving the Settlement Agreement Between The Dewey & LeBoeuf Liquidation Trust, XL Specialty Insurance Company and Steven H. Davis [Docket No. 1391] [the "Motion to Strike First Declaration of Liquidating Trustee"], Messrs. DiCarmine and Sanders learned that Brown Rudnick LLP ("Brown Rudnick"), counsel for the Liquidating Trustee, Alan M. Jacobs, has developed a conflict of interest with respect to Messrs. DiCarmine and Sanders. In light of this pending conflict, Messrs. DiCarmine and Sanders submit that the Liquidating Trustee's Reply Declaration should be struck.[1]

**Argument**

**I.    The Liquidating Trustee's Reply Declaration Should Be Struck Because It Violates Federal Rule of Evidence 403**

1. Federal Rule of Evidence 403, made applicable here pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides that the "court may exclude evidence if its probative value is substantially outweighed by …unfair prejudice." F.R.E. 403. See also 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.")

2. Unless and until the issue of Brown Rudnick's conflict has been resolved, any testimony by the Liquidating Trustee, whether written or otherwise, relating to Messrs. DiCarmine and/or Sanders with respect to the Settlement Motion runs the risk of having been

---

[1] Messrs. DiCarmine and Sanders submit that the original Declaration of Alan M. Jacobs [Docket No. 1387] submitted in support of the Settlement Motion should likewise be struck for the reasons set forth herein, which were unavailable at the time of their Motion to Strike First Declaration of Liquidating Trustee.

62334513_1

tainted by the conflict of the Liquidating Trustee's counsel, Brown Rudnick. Indeed, the Liquidating Trustee's Reply Declaration explicitly states that the Liquidating Trustee's knowledge in connection with the Settlement Motion is based in part on extensive communications with Brown Rudnick, e.g., "Brown Rudnick brought me fully current – in detail- on the entire negotiating history… [and] …while active settlement negotiations continued, I kept in daily contact with my counsel, who kept me abreast – often in real time – of every development in the negotiation process with Davis and XL." Significantly, nowhere does the Liquidating Trustee say that he has not communicated with Stephen A. Best, the Brown Rudnick partner who is the source of the conflict. Likewise, the Declaration of William M. Dolan III [Docket No. 1422] submitted to the Court in connection with the conflict issue fails to assert that the Liquidating Trustee cannot access any information or data that Mr. Best may have obtained from Messrs. DiCarmine and Sanders. Allowing the Liquidating Trustee to provide testimony that could be tainted clearly would be prejudicial to the rights of Messrs. DiCarmine and Sanders.

### Memorandum of Law

3.  This Motion to Strike includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, Messrs. DiCarmine and Davis respectfully submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

4.  This Motion to Strike has been served on all parties specified by this Court's *Administrative Order Establishing Case Management Procedures*, dated May 30, 2012 [Docket

62334513_1

No. 30]. In light of the nature of the relief requested, Messrs. DiCarmine and Sanders respectfully submit that no further notice is necessary.

## No Prior Application

5.  No previous motion for the relief sought herein has been made to this or any other court.

## Conclusion

WHEREFORE, Messrs. DiCarmine and Sanders respectfully request that the Court: A) strike the Declaration of Alan M. Jacobs In Further Support of the Motion For Entry of an Order Pursuant to Sections 105(A), 362 And 363 And Bankruptcy Rule 9019 Approving the Settlement Agreement Between the Dewey & LeBoeuf Liquidation Trust, XL Specialty Insurance Company and Steven H. Davis dated April 22, 2013; and B) grant Messrs. DiCarmine and Sanders such other relief as is just and proper.

Dated: New York, New York
       May 9, 2013

                                    HUGHES HUBBARD & REED LLP

                          By:    /s/ *Ned H. Bassen*
                                 Ned H. Bassen
                                 Kathryn A. Coleman
                                 One Battery Park Plaza
                                 New York, New York 10004
                                 Telephone: (212) 837-6000
                                 Facsimile: (212) 422-4726
                                 bassen@hugheshubbard.com
                                 kcoleman@hugheshubbard.com

                                 Attorneys for Stephen DiCarmine and
                                 Joel I. Sanders

62334513_1