**HAHN & HESSEN LLP**
Edward L. Schnitzer, Esq.
Lauren S. Schlussel, Esq.
488 Madison Avenue
New York, New York 10022
Telephone:   (212) 478-7200
Facsimile:    (212) 478-7400

*Counsel for the Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re

DEWEY & LEBOEUF LLP,

                       Debtor.

------------------------------------------------------------------x
Alan M. Jacobs, Liquidating Trustee of the
Dewey & LeBoeuf Liquidation Trust,

                       Plaintiff,

    - against -

IRON MOUNTAIN INFORMATION
MANAGEMENT LLC f/k/a IRON MOUNTAIN
INFORMATION MANAGEMENT, INC.,

                       Defendant.
------------------------------------------------------------------x

Chapter 11

Case No. 12-12321 (MG)

Adv. Proc. No. 14-_____ (MG)

**COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL TRANSFERS**

      Plaintiff, Alan M. Jacobs in his capacity as Liquidating Trustee (the "*Plaintiff*" or the "*Liquidating Trustee*") of the Dewey & LeBoeuf Liquidation Trust (the "*Liquidation Trust*") established pursuant to the confirmed Chapter 11 Plan of the above-captioned Debtor (the "*Debtor*"), by and through his counsel, Hahn & Hessen LLP, hereby files this *Complaint to Avoid and Recover Preferential Transfers* and, in support thereof, states:

## NATURE OF THE ACTION

1. This is an adversary proceeding brought in the above-captioned bankruptcy case pursuant to Part VII of the Bankruptcy Rules seeking to avoid certain preferential transfers made by the Debtor to the above-captioned defendant ("*Defendant*") and to recover the value thereof pursuant to 11 U.S.C. §§ 547, 550 and 551.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and paragraph 89 of the Confirmation Order (as defined below).

3. This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F).

5. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## GENERAL BACKGROUND

6. On May 28, 2012 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of New York (the "*Court*").

7. On or about January 7, 2013, the Debtor filed its Amended Disclosure Statement [D.I. 808]. Pursuant to the liquidation analysis included as Exhibit 5 to such disclosure statement, unsecured creditors would have received between 4.8% and 13.4% of the value of their claims if the Debtor liquidated its unencumbered assets pursuant to Chapter 7 of the Bankruptcy Code.

8. On February 27, 2013, the Court entered its order [D.I. 1144] (the "*Confirmation Order*") confirming Debtor's Modified Second Amended Chapter 11 Plan of Liquidation of Dewey & LeBoeuf, dated January 7, 2013 (the "*Plan*") [D.I. 807]. On March 22, 2013, the Plan became effective and Alan M. Jacobs became the Liquidating Trustee. Pursuant to section 7.6 of the Plan and paragraph 51 of the Confirmation Order, the Liquidating Trustee has the sole right to pursue and settle any existing or potential Rights of Action (as defined in the Plan), including any causes of action arising under Bankruptcy Code Chapter 5, including, without limitation, 11 U.S.C. §§ 506, 510, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, and 553 or comparable provisions of applicable non-bankruptcy law.

9. Defendant is a corporation or other legal entity who provided records and data storage and management services and/or related goods or services to the Debtor prior to the Petition Date.

## THE CLAIMS

10. On September 7, 2012, Defendant filed a proof of claim against the Debtor, identified by the Debtor as Claim No. 1020, asserting an unsecured nonpriority claim in the amount of $88,063.40 and a secured claim in the amount of $30,000 ("*Claim 1020*"). On January 13, 2013, Defendant filed a proof of claim against the Debtor, identified by the Debtor as Claim No. 1278, asserting an administrative claim in the amount of $ 77,994.62, which was subsequently reduced to an administrative claim in the amount of $18,986 (together with Claim 1020, the "*Claims*").

## THE TRANSFERS

11. On or within 90 days prior to the Petition Date (the "*Preference Period*"), the Debtor made one or more transfer to or for the benefit of Defendant as set forth on Exhibit "A" annexed hereto.

3

12. Exhibit "A" reflects the Liquidating Trustee's present knowledge of the transfers made to Defendant by the Debtor during the Preference Period. During the course of this proceeding the Liquidating Trustee may learn (through discovery or otherwise) of additional transfers made by the Debtor to Defendant during the Preference Period. The Liquidating Trustee is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit "A" or not. Collectively, all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected on Exhibit "A" hereto or not) are referred to herein as the "*Transfers*".

13. The Transfers were made from the Debtor's bank account on the date indicated on Exhibit "A" and by the method indicated on Exhibit "A".

14. The Transfers were made on account of the Debtor's purchases, on an unsecured basis, of records and data storage and management services and/or related goods or services from Defendant. Such goods and/or services were provided by Defendant to the Debtor on or before the invoice date indicated on Exhibit "A", and before the corresponding Transfer was made.

15. Had the Transfers not been made, Defendant would have had an unsecured claim in the amount set forth on the applicable invoices.

16. In or about May 2013, the Liquidating Trustee sent a letter to Defendant (the "*Demand Letter*") demanding the return of the Transfers to Liquidating Trustee. As of the date hereof, Defendant has not returned the Transfers to Liquidating Trustee.

**FIRST CAUSE OF ACTION**
**(Preference Claim Against Defendant)**

17. The Liquidating Trustee repeats and realleges paragraphs "1" through "16" hereof as if fully set forth herein.

4

18. The Transfers were made within 90 days prior to the Petition Date.

19. The Transfers were transfers of an interest of the Debtor in property.

20. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtor.

21. The Transfers were made for or on account of antecedent debts owed to Defendant by the Debtor before such Transfers were made.

22. The Bankruptcy Code states, in part that, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. §547(f)

23. The Transfers were made while the Debtor was insolvent.

24. The Transfers enabled Defendant to receive more than Defendant would receive if: (i) the Debtor's case was a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

25. The Transfers constitute preferential transfers which should be avoided as preferences pursuant to section 547 of the Bankruptcy Code and are recoverable from Defendant, the (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, or (c) an immediate or mediate transferee of an initial transferee, pursuant to section 550 of the Bankruptcy Code.

**SECOND CAUSE OF ACTION**
**(Disallowance of Defendant's Proofs of Claim or Scheduled Claim)**

26. The Liquidating Trustee restates and realleges the allegations of paragraphs "1" through "25" above as if fully set forth herein.

27. Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code and is a transferee of transfers avoidable under section 547 of the Bankruptcy Code.

28. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

29. Pursuant to section 502(d) of the Bankruptcy Code, the Claims should be disallowed until the Transfers are repaid in full to Plaintiff.

**WHEREFORE,** for the foregoing reasons, the Liquidating Trustee respectfully requests the following relief:

A. That the Transfers be avoided;

B. That judgment be entered in favor of the Liquidating Trustee and against Defendant, in an amount at least **$25,440.85** (plus such additional transfer amounts that Liquidating Trustee learns, through discovery or otherwise, were made by the Debtor to Defendant during the Preference Period), plus interest at the legal rate from the date of the Transfers, together with all costs of this action;

C. That the Claims be disallowed until the Transfers are repaid to the Liquidating Trustee pursuant to 11 U.S.C. § 502(d); and

   D. That the Liquidating Trustee be granted such other and further relief as is just and proper.

Dated: New York, New York
    May 13, 2014

**HAHN & HESSEN LLP**

*/s/ Edward L. Schnitzer*
Edward L. Schnitzer [ELS 6299]
Lauren S. Schlussel [LS 2674]

488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Liquidating Trustee*

7