L. Londell McMillan ( Appearing Pro Se)
29 W. 46th St. 3rd Fl.
New York, New York 10036

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

DEWEY & LEBOEUF LLP,                          Case No. 12-12321 (MG)

                                              Chapter 11

Debtor.

-------------------------------------------------------------------X

-------------------------------------------------------------------X

ALAN M. JACOBS, as liquidating Trustee of
the Dewey & LeBoeuf Liquidation Trust,

Plaintiff,

v.                                            Adv. Proc. No. 13-01772

L. LONDELL McMillan,

Defendant.

-------------------------------------------------------------------X

## ANSWER TO ADVERSARY COMPLAINT

Defendant, L. Londell McMillan ("McMillan" or "Defendant"), acting Pro-se on

his own behalf, hereby answers the Adversary Complaint filed by Plaintiff Alan M.

Jacobs ("Trustee" or "Plaintiff"), Liquidating Trustee of the Dewey & LeBoeuf

Liquidation Trust ("Trust"), in the above-captioned adversary proceeding (the

"Complaint"), as follows:

1

## INTRODUCTION

1.    Defendant admits that he was formerly a partner of LeBoeuf, Lamb,

Greene & McRae LLP ("LeBoeuf Lamb") which later became Dewey & LeBoeuf LLP

(the "Debtor") but denies that he was an "equity partner" of the Debtor.  Defendant

denies  the allegation that he received Distributions of substantial sums of money

while the Debtor was insolvent.  Defendant is owed substantial sums of unpaid

compensation not distributed to him and the amounts of Distributions alleged to

have been paid by Debtor to McMillan in paragraph 1 are false and shockingly

inflated.  Defendant admits that Plaintiff seeks to avoid and recover certain amounts

paid to Defendant by the Debtor, but denies that Plaintiff is entitled to such relief.

Defendant denies the remaining allegations of paragraph 1.

2.    Defendant admits that Plaintiff seeks recovery and repayment of sums

allegedly paid on Defendant's behalf, but denies that Plaintiff is entitled to such

relief. Defendant had substantial sums owed to him for sums retained by Plaintiff

and not distributed to him.

3.    Defendant admits that Plaintiff seeks entry of judgment against

Defendant, but denies that Plaintiff is entitled to such relief.  Contrary to the

Complaint, McMillan  had substantial sums owed to him for sums retained by

Plaintiff and not distributed to him, as such claims are set forth in the action *L.

Londell McMillan vs. Barclays Bank PLC, Steven H. Davis, Stephen DiCarmine, Joel I.

Sanders, Francis J. Canellas* in the United States District Court. 13 CIV 1095

(ALC)(DF).

**JURISDICTION AND VENUE**

4.    The allegations of paragraph 4 of the Complaint state a legal conclusion to which no response is required.

5.    The allegations of paragraph 5 of the Complaint state a legal conclusion to which no response is required. Defendant reserves all rights under *Stern v. Marshall*, 564 U.S. 2, 131 S. Ct. 2594 (2011) ("*Stern v. Marshall*") with respect to the core/non-core nature of the proceeding and whether the Court has the authority to issue proposed findings of fact and law. Unless expressly admitted herein, the allegations of paragraph 5 of the Complaint are denied.

6.    The allegations of paragraph 6 of the Complaint state a legal conclusion to which no response is required. Defendant reserves all rights under *Stern v. Marshall* with respect to the core/non-core nature of the proceeding and whether the Court has the authority to issue proposed findings of fact and law.

7.    Subject to a reservation of rights concerning whether the Court has authority to issue proposed findings of fact and law under *Stern v. Marshall*, Defendant admits the statements contained in paragraph 7 of the Complaint.

**PARTIES**

8.    Defendant admits that the Debtor's Second Amended Chapter 11 Plan of Liquidation (the "Plan") was confirmed on February 27, 2013. As to the remaining allegations of paragraph 8 of the Complaint, the Plan speaks for itself and no further response is required, and therefore Defendant denies the remaining allegations of paragraph 8.

9.    Defendant admits that he is an individual who may be served as

authorized by Federal Rule of Bankruptcy Procedure 7004. Defendant lacks
knowledge or information sufficient to form a belief as to the time period that "all
relevant times" refers to, and on that basis denies the allegation that he was a
partner of the Debtor during "all relevant times." Under a series of agreements with
the Debtor, McMillan incorporated his law practice into LeBoeuf Lamb, closed his
law firm in 2007 to join LeBoeuf Lamb under a three year partnership agreement
and worked for the Debtor in exchange for the Debtor's promise to pay him an
annual partnership compensation; the compensation paid to him was not based on
the Debtor's profitability, nor was it based on an equity interest in the Debtor.
Defendant's partnership agreement and his partnership with Debtor ceased in 2010
yet the Debtor allowed McMillan to operate on the premises and use its services to
wind down outstanding matters and collect account receivables for the Debtor.
Unless expressly admitted herein, the allegations of paragraph 9 of the Complaint
are denied.

## GENERAL FACTUAL ALLEGATIONS

### A.  The Debtor

10.    Defendant avers that it is not clear what "combination" means, and
accordingly denies that statement in paragraph 10 of the Complaint.

11.    Defendant lacks knowledge or information sufficient to form a belief
as to the statements contained in paragraph 11 of the Complaint and on that basis
denies them.

12.    Defendant admits that he was a party to the DLPA, but avers that
Defendant's relationship with the Debtor was also governed by additional

agreements, understandings and courses of conduct in addition to the DLPA. In

particular, the Debtor and McMillan agreed to a packaged deal, whereby the

Defendant would incorporate his law practice into LeBoeuf Lamb, close down his

law firm in 2007 to work for the Debtor, and bring his prior firm's legal team, in

exchange for the Debtor's promise to pay him for an annual partnership

compensation; the compensation paid to him was not based on the Debtor's

profitability, nor was it based on an equity interest in the Debtor. Defendant lacks

knowledge or information sufficient to form a belief as to the remaining statements

contained in paragraph 12 of the Complaint and on that basis denies them.

### B.  The Creation of Dewey LeBoeuf

13.    Defendant lacks knowledge or information sufficient to form a belief

as to the statements contained in paragraph 13 of the Complaint, and on that basis

denies the allegations.

14.    Defendant avers that it is not clear what "combination" means, and

accordingly, denies all allegations contained in paragraph 14 of the Complaint on

the ground that Defendant lacks knowledge or information sufficient to form a belief

as to the statements contained therein.

### C.  Partner Compensation and "Participation Targets" Under the DLPA

15.    Defendant avers that the DLPA speaks for itself. Defendant lacks

knowledge or information sufficient to form a belief as to the Participation Targets

the Compensation Committee assigned to other Dewey partners. McMillan agreed to

close down his law firm to work for the Debtor in exchange for the Debtor's promise

to pay him and his legal team an annual minimum fixed salary, and the

compensation paid to him was not based on the Debtor's profitability, nor was it based on an equity interest in the Debtor. Unless expressly admitted herein, the allegations of paragraph 15 of the Complaint are denied.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the Participation Targets assigned to other Dewey partners. Defendant denies the remaining allegations of paragraph 16 of the Complaint.

17.    Defendant avers that the DLPA speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the Participation Targets assigned to other Dewey partners. Unless expressly admitted herein, the allegations of paragraph 17 of the Complaint are denied.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 18 of the Complaint, and on that basis denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 19 of the Complaint, and on that basis denies them.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 20 of the Complaint, and on that basis denies them.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 21 of the Complaint, and on that basis denies them.

### D. Snowballing Underperformance

22.      Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 22 of the Complaint, and on that basis denies them.

23.      Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 23 of the Complaint, and on that basis denies them.

24.      Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 24 of the Complaint, and on that basis denies them.

25.      Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 25 of the Complaint, and on that basis denies them.

### E. Partner Appeasement Through "Bonuses"

26.      Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 26 of the Complaint, and on that basis denies them.

27.      Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 27 of the Complaint, and on that basis denies them.

28.      Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 28 of the Complaint, and on that basis denies them.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 29 of the Complaint, and on that basis denies them.

### F. Recourse to Capital Markets

30.    Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 30 of the Complaint, and on that basis denies them.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 31 of the Complaint, and on that basis denies them.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 32 of the Complaint, and on that basis denies them.

### G. Insolvency and Collapse

33.    Defendant denies the allegations of paragraph 33 of the Complaint.

34.    Defendant denies that, from at least January 1, 2009 to its bankruptcy filing, the firm's probable liability on existing debts exceeded the present fair salable value of its assets. Defendant lacks knowledge or information sufficient to form a belief as to the remaining statements contained in paragraph 34 of the Complaint, and on that basis denies them.

35.    Defendant denies that the firm was unable to pay its debts as they came due since at least January 1, 2009, and continuously until the firm filed for bankruptcy protection.  Defendant lacks knowledge or information sufficient to

form a belief as to the remaining statements contained in paragraph 35 of the

Complaint, and on that basis denies them.

36.    Defendant lacks knowledge or information sufficient to form a belief

as to the statements contained in paragraph 36 of the Complaint, and on that basis

denies them.

37.    Defendant admits the statements contained in paragraph 37 of the

Complaint.

## FACTUAL ALLEGATIONS SPECIFIC TO THE DEFENDANT

### A. Defendant Was a Partner in the Debtor

38.    Defendant admits that he was formerly a partner of LeBoeuf Lamb

and Debtor but denies he was an "equity interest holder." Defendant had a three-

year partnership contract with LeBouf Lamb which extended to Debtor that

commenced in May of 2007.  On March 4, 2010, Plaintiff met with Steve DiCarmine,

Dewey & LeBoeuf's Chief Operating Officer, and Jeffrey Kessler, Dewey & LeBoeuf's

Global Litigation Chair and a member of the law firm's Executive Committee, and

advised them of his plans to wind-down and withdraw from the firm.  Defendant

also informed the members of the Debtor that he was offended and shocked that his

compensation was withheld during his intense and high profile representation of

the Michael Jackson family in California after the death of Michael Jackson (a client

of McMillan), and that he intended to collect sums owed to him, wind down matters

with the Debtor, and focus on his media and entertainment business, going forward.

Debtor accepted Defendant's withdrawal from the law firm, yet allowed him to

conduct business on the premises to wind down business matters and help Debtor

collect outstanding sums from his legal representations with the Debtor. Unless expressly admitted herein, the allegations of paragraph 38 of the Complaint are denied.

39.    Defendant admits that he formerly held the title of partner of Debtor until the date of withdrawal, but denies that he was in fact an equity partner of Debtor.

40.    Defendant avers that the DLPA speaks for itself. Defendant also denies that he failed to pay any amounts due under the DLPA.

**B.    Distributions Paid to Defendant**

41.    Defendant denies the allegations and statements contained in paragraph 41. The amounts of Distributions alleged to have been paid by Debtor to McMillan in this Complaint are false and shockingly inflated. Further, the false allegations in Exhibit A conflicts with the false allegations in paragraph 41.

42.    Defendant denies the allegations and statements contained in paragraph 42. The amounts of Distributions alleged to have been paid by Debtor to McMillan in this Complaint are false and shockingly inflated.

43.    Defendant denies the allegations and statements contained in paragraph 43. The amounts of Distributions alleged to have been paid by Debtor to McMillan in this Complaint are false and shockingly inflated.

44.    Defendant denies the allegations and statements contained in paragraph 44.

### C.  Taxes Paid for the Defendant

45.     Defendant lacks knowledge or information sufficient to form a belief as to the tax characteristics or treatment of the Debtor. Defendant lacks knowledge or information sufficient to form a belief as to whether the Debtor made tax payments for the benefit of Defendant or any other partner. Defendant denies that the Debtor is entitled to be reimbursed for any payments it claims. Debtor has made numerous false filings and tax reporting that has caused Defendant harm. Unless expressly admitted herein, the allegations of paragraph 45 of the Complaint are denied.

46.     Defendant denies the allegations of paragraph 46 of the Complaint.


### FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Distributions as Constructively Fraudulent Transfers
Pursuant to 11 U.S.C. § 548(a)(1)(B) & 550**

47.     Defendant re-alleges and re-asserts his answers to paragraphs 1 through 46 above, as if set forth herein in full.

48.     Defendant admits that a chart entitled "Exhibit 'A'" is appended to the Complaint. Defendant denies the remaining allegations of paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.    Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.    Defendant denies the allegations of paragraph 52 of the Complaint.

53.    Defendant denies the allegations of paragraph 53 of the Complaint.

54.    Defendant denies the allegations of paragraph 54 of the Complaint.

55.    Defendant admits that he performed legal and other services for the Debtor and its clients prior to his withdrawal. The remaining allegations of paragraph 55 of the Complaint are denied.

56.    Defendant denies the allegations of paragraph 56 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Distributions as Constructively Fraudulent Transfers
### Pursuant to 11 U.S.C. § 548(b) & 550

57.    Defendant re-alleges and re-asserts his answers to paragraphs 1 through 56 above, as if set forth herein in full.

58.    Defendant denies the allegations of paragraph 58 of the Complaint.

59.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal. Defendant denies the remaining allegations of paragraph 59 of the Complaint.

60.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal. Defendant denies the allegation of paragraph 60 of the Complaint.

61.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal.  Defendant denies the allegation of paragraph 61 of the Complaint.

62.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal.  Defendant denies the allegation of paragraph 62 of the Complaint. The amounts of Distributions alleged to have been paid by Debtor to McMillan in this Complaint are false and shockingly inflated.

63.    Defendant denies the allegations of paragraph 63 of the Complaint.

64.    Defendant denies the allegations of paragraph 64 of the Complaint.

65.    Defendant denies the allegations of paragraph 65 of the Complaint.

### THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Distributions as Constructively Fraudulent Transfers
Pursuant to 11 U.S.C. § 544, 550, and NYDCL §§ 273-275, 278**

66.    Defendant re-alleges and re-asserts his answers to paragraphs 1 through 66 above, as if set forth herein in full.

67.    Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in paragraph 67 of the Complaint, and on that basis denies the allegations.

68.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal. The amounts of Distributions alleged to have been paid by Debtor to McMillan in this Complaint are false and shockingly inflated. Defendant denies the allegation of paragraph 68 of the Complaint.

69.    Defendant denies the allegation of paragraph 69 of the Complaint.

70.    Defendant denies the allegation of paragraph 70 of the Complaint.

71.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal. Defendant denies the allegation of paragraph 71 of

the Complaint.

72.    Defendant denies the allegations of paragraph 72 of the Complaint.

73.    Defendant denies the allegations of paragraph 73 of the Complaint.

74.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal. The remaining allegations of paragraph 74 of the Complaint are denied.

75.    Defendant admits that he performed legal and other services for the Debtor and its clients. The remaining allegations of paragraph 75 of the Complaint are denied.

76.    Defendant denies the allegations of paragraph 76 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### Avoidance and Recovery of Distributions as Constructively Fraudulent Transfers
### Pursuant to 11 U.S.C. § 544, 550, and NYDCL §§ 277-278

77.    Defendant re-alleges and re-asserts his answers to paragraphs 1 through 76 above, as if set forth herein in full.

78.    Defendant admits that he was a partner but not an "equity partner" of the Debtor from at least January 1, 2009 until the date of his withdrawal from the Debtor.  Defendant worked for the Debtor in exchange for the Debtor's promise to pay him an annual partnership compensation; the compensation paid to him was not based on the Debtor's profitability, nor was it based on an equity interest in the Debtor. Any fraud was committed by Debtor not the Defendant. The remaining allegations of paragraph 78 of the Complaint are denied.

79.    Defendant is without information or belief as to the allegations of

paragraph 79, and on that basis denies them. Defendant further avers that the allegations of paragraph 79 state a legal conclusion, to which no response is required. Unless expressly admitted herein, the allegations of paragraph 79 of the Complaint are denied.

80.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal.  The amounts of Distributions alleged to have been paid by Debtor to McMillan in this Complaint are false and shockingly inflated. Defendant denies the allegation of paragraph 80 of the Complaint. Defendant denies the allegation of paragraph 80 of the Complaint.

81.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal. Defendant denies the allegation of paragraph 81 of the Complaint.

82.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal. Defendant denies the allegation of paragraph 82 of the Complaint.

83.    Defendant admits that he received some compensation from the Debtor prior to his withdrawal. Defendant denies the allegation of paragraph 83 of the Complaint.

84.    Defendant denies the allegations of paragraph 84 of the Complaint.

85.    Defendant denies the allegations of paragraph 85 of the Complaint.

86.    Defendant denies the allegations of paragraph 86 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### Breach of Contract

87.    Defendant re-alleges and re-asserts his answers to paragraphs 1
through 86 above, as if set forth herein in full.

88.    Defendant admits that he was a party to the DLPA, but avers that
Defendant's relationship with the Debtor was governed by additional agreements,
understandings and courses of conduct in addition to the DLPA.  In particular,
Defendant worked for the Debtor in exchange for the Debtor's promise to pay him
an annual partnership compensation; the compensation paid to him was not based
on the Debtor's profitability, nor was it based on an equity interest in the Debtor.
Any breach of contract was violated by the Debtor not the Defendant. Unless
expressly admitted herein, the allegations of paragraph 88 of the Complaint are
denied.

89.    Defendant lacks knowledge or information sufficient to form a belief
as to whether the Debtor made tax payments for the benefit of Defendant or any
other partner. Unless expressly admitted herein, the allegations of paragraph 89 of
the Complaint are denied.

90.    Defendant denies the allegations of paragraph 90 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment for Tax Payments

91.    Defendant re-alleges and re-asserts his answers to Paragraphs 1
through 90 above, as if set forth herein in full.

92.    Defendant denies that Plaintiff is entitled to recover damages from

him on any theory. Defendant denies the remaining statements contained in paragraph 92 of the Complaint.

93.    Defendant lacks knowledge or information sufficient to form a belief as to whether the Debtor made tax payments for the benefit of Defendant. Unless expressly admitted herein, the allegations of paragraph 93 of the Complaint are denied.

94.    Defendant lacks knowledge or information sufficient to form a belief as to whether the Debtor made tax payments for the benefit of Defendant. Unless expressly admitted herein, the allegations of paragraph 94 of the Complaint are denied.

95.    Defendant lacks knowledge or information sufficient to form a belief as to whether the Debtor made tax payments for the benefit of Defendant. Unless expressly admitted herein, the allegations of paragraph 95 of the Complaint are denied.

96.    Defendant lacks knowledge or information sufficient to form a belief as to whether the Debtor made tax payments for the benefit of Defendant. Unless expressly admitted herein, the allegations of paragraph 96 of the Complaint are denied.

97.    Defendant denies the allegations of paragraph 97 of the Complaint.

98.    Defendant denies the allegations of paragraph 98 of the Complaint.

99.    Defendant denies the allegations of paragraph 99 of the Complaint.

## RESERVATION OF RIGHTS

100.    The allegations of paragraph 100 of the Complaint state a legal conclusion to which no response is required. Unless expressly admitted herein, the allegations of paragraph 100 are denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief he seeks.  The initiation of this lawsuit against Defendant is misguided and unjust, and abusive.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

The Complaint fails to state facts sufficient to constitute a claim or cause of action against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Property of the Debtor)

Plaintiff's claims are barred in whole or in part to the extent, and in the amount that, the relevant transfers did not constitute transfers of an interest of the Debtor in property.

## THIRD AFFIRMATIVE DEFENSE

### (Reasonably Equivalent Value)

Plaintiff's claims are barred in whole or in part because the Debtor received greater value but at the very least the Debtor received reasonably equivalent value in exchange for any payments made to Defendant through among other things valuable services performed for clients of the Debtor and through the generation

and collection of fees, resulting in profits to Debtor well in excess of the amounts claimed by Debtor or received by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Fair Consideration)

Plaintiff's claims are barred in whole or in part because the Debtor received more than fair consideration in exchange for any payments made to Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Solvency)

Plaintiff's claims are barred in whole or in part because the Debtor was not insolvent at the time it made payments to Defendant, and/or the Debtor did not become insolvent as a result of making any such payments to Defendant. Debtor neither made any representation of insolvency nor held itself out as insolvent.

## SIXTH AFFIRMATIVE DEFENSE

### (Solvency – Small Capital)

Plaintiff's claims are barred in whole or in part because, at the time it made payments to Defendant (and as a result of making any payments to Defendant), the Debtor was not engaged, nor about to engage in a transaction for which any property remaining with the Debtor was unreasonably small capital. Debtor neither made any representation of insolvency nor held itself out as insolvent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Solvency – Debts Beyond Ability to Pay)

Plaintiff's claims are barred in whole or in part because, at the time it made payments to Defendant (and as a result of making any payments to Defendant), the

Debtor did not incur, not intend to incur, nor believe that it would incur, debts that were beyond its ability to pay as such debts became due.  Debtor neither made any representation of insolvency nor held itself out as insolvent.

### EIGHTH AFFIRMATIVE DEFENSE

### (Defendant Not Transferee)

Plaintiff's claims are barred to the extent the Debtor transferred property to a person or entity other than Defendant.

### NINTH AFFIRMATIVE DEFENSE

### (No Transfer of Interest of Debtor in Property)

Plaintiff fails to identify an avoidable "transfer of an interest in property" in accordance with 11 U.S.C. § 548(a)(1), 11 U.S.C. § 544(a), or NYDCL §§ 273-278.

### TENTH AFFIRMATIVE DEFENSE

### (Defendant not a General Partner under New York Law)

Plaintiff's claims are barred in whole or in part because Defendant was not a general partner of the Debtor within the meaning of New York Code § 121-101 (k).

### ELEVENTH AFFIRMATIVE DEFENSE

### (Setoff for Fraud and/or Misrepresentation)

Defendant is entitled to set off the claims against any liability Defendant may have to the Plaintiff under the Complaint. To the extent that the Debtor made misrepresentations to Defendant, (which it did), and misrepresented its financial condition to its partners, its auditors, the public, or otherwise, Defendant holds claims against the Debtor for fraud and/or negligent misrepresentation, which he is entitled to set off against any liability Defendant may have to the Plaintiff under the

Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff for Breach of Contract)

Defendant is entitled to set off the claims against any liability Defendant may have to the Plaintiff under the Complaint. To the extent that the Debtor failed to perform its obligations under any agreement, promise, covenant and/or contract, Defendant holds claims against the Debtor for any such violation and breach of contract, which he is entitled to set off against any liability Defendant may have to the Plaintiff under the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean hands)

Plaintiff's Complaint is barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's Complaint is barred by the doctrine of Estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint is barred by the doctrine of Waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendant has not yet completed his full investigation of all of the facts and circumstances of the subject matter of the Complaint, and accordingly reserves his right to amend, modify, revise or supplement this Answer and to plead such further defenses and take such further action as Defendant may deem proper and necessary in its defense upon the completion of said investigation.

WHEREFORE, Defendant prays as follows:

1.      That Plaintiff take nothing by way of the Complaint;

2.      For awarding Defendant damages in an amount to be determined at trial, plus interest;

3.      For costs of suit herein incurred;

4.      For attorneys' fees as permitted by law; and

5.      For such other and further relief as the Court deems just and proper.

L. Londell McMillan, (Pro Se)
29 W. 46th St. 3rd Fl.
New York, New York 10036
llm@llmpc.com

Dated: New York, New York
May 22, 2013

## CERTIFICATE OF SERVICE

I certify that on this date I caused a copy of the Defendant's Answer to

be sent by e-mail to counsel for plaintiff:

> Andrea Levin Kim, Esq.
> Christopher Murray, Esq.
> Diamond McCarthy LLP
> 909 Fannin Street
> 15th Floor
> Houston, TX 77010
> akim@diamondmccarthy.com
> cmurray@diamondmccarthy.com

_____

L. Londell McMillan, Esq. (Pro Se)

Dated: May 22, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: DEWEY & LEBOEUF LLP (Debtor); ALAN M. JACOBS, as liquidating

Trustee of the Dewey & LeBoeuf Liquidation Trust,

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

12___ Civ.12321 ___ (MG ) ( ___ )

- against -

L. Londell McMillan

**NOTICE OF APPEARANCE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

Please take notice that I, L. Londell McMillan _____, a defendant in

*(name)*

this action, hereby appear *pro se* and that all future correspondence and papers in connection with

this action are to be directed to me at the address indicated below.

Dated:    New York _____, NY
          *(town/city)*        *(state)*

          May _____ 22__, 20 14

_____
*Signature of Defendant*

29 W. 46th St. 3rd Floor
*Address*

New York, NY 10036
*City, State & Zip Code*

646-559-8314
*Telephone Number*

646-559-8318
*Fax Number (if you have one)*

*Rev. 05/2007*                    3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dewey&LeBoeuf LLP (Debtor); Alan M. Jacobs,
as liquidating Trustee of the Dewey&LeBoeuf Liquidation Trust
*(List the name(s) of the plaintiff(s)/petitioner(s).)*

12 Civ. 12321 (MG) ( )
Ch. 11

- against -

L. Londell McMillan

**AFFIRMATION OF SERVICE**

*(List the name(s) of the defendant(s)/respondent(s).)*

I, *(print your name)* L. Londell McMillan , declare under penalty of perjury that I

served a copy of the attached *(list the names of the documents you served)*: Initial Disclosures

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Answer

to Adversary Complaint

upon all other parties in this case by *(state how you served the documents, for example, hand delivery,*

*mail, overnight express)* mail; e-mail; ECF                                        to the

following persons *(list the names and addresses of the people you served)*: Pro Se Office;

Chris Murray (Diamond McCarthy LLP); all other

parties, respectively.

on *(date you served the document(s))* May 22, 2014 .

May 22, 2014
Dated

Signature
29 W. 46th St. 3rd Floor
Address
New York, NY
City, State
10036
Zip
646-559-9314
Telephone Number    llm@llmpc.com
E-Mail Address

*Rev. 01/2013*