HEARING DATE: April 9, 2015 at 10:00 a.m.
RESPONSE DEADLINE: April 2, 2015 at 4:00 p.m.

Daniel J. Kornstein
Kevin J. Fee
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
Tel.:  212-418-8600
Fax:  212-826-3640

Rocco Iacoviello
Anthony G. Mango
MANGO & IACOVIELLO, LLP
14 Penn Plaza, Suite 1919
New York, New York 10122
Tel.:  212-695-5454
Fax: 212-695-0797

Attorneys for Dewey Ballantine Withdrawn Partners

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:                              :   Chapter 11
                                    :
DEWEY & LEBOEUF LLP,                :   Case No. 12-12321 (MG)
                                    :
                    Debtor.         :   Ref. Docket No. 2270
------------------------------------X

**OBJECTION TO MOTION OF THE LIQUIDATING TRUSTEE FOR AN
ORDER AUTHORIZING THE DECOMMISSIONING AND ABANDONMENT OF
COMPUTER DATABASES AND THE ABANDONMENT OF HARD COPY RECORDS**

The Dewey Ballantine Withdrawn Partners, listed in Exhibit A hereto, by and through their undersigned counsel, hereby object to the motion made by Alan M. Jacobs, as Liquidating Trustee (the "Liquidating Trustee") for and on behalf of the Dewey & LeBeouf Liquidation Trust (the "Liquidation Trust") authorizing the Liquidation Trust to decommission and abandon the Data Center and Hard Copy Records (both as defined in the Liquidating Trustee's motion papers), maintained by the Liquidation Trust.  In support of their objection, the Dewey Ballantine Withdrawn Partners

state:

1. The Dewey Ballantine Withdrawn Partners are 44 individuals who withdrew from the Dewey Ballantine law firm before September 30, 2007. They are defendants in <u>1301 Properties Owner LP v. Abelson, et al.</u>, Index No.653342/13 (Sup. Ct. N.Y. Co.) (Scarpulla, J.) (the "1301 Properties Action") pending in New York State Supreme Court.

2. In the 1301 Properties Action, the owner of 1301 Avenue of the Americas ("Landlord") seeks to hold almost 400 individuals personally liable for the Debtor's rent obligations through 2020 for office space in the Landlord's building (the "Lease").

3. Over a year ago, Justice Scarpulla stayed all discovery in the 1301 Properties Action until she decides motions to dismiss the complaint including one made by the Dewey Ballantine Withdrawn Partners. Those motions to dismiss the 1301 Properties Action were argued on January 22, 2015, and are <u>sub judice</u>.

4. The Dewey Ballantine Withdrawn Partners have defenses to the Landlord's claim in the 1301 Properties Action based on documents that may be found in the e-mail, databases and hard copy documents that the Trustee seeks permission to destroy. Some documents supporting those defenses have been presented to Justice Scarpulla in support of their pending motion to dismiss, and Landlord contests the authenticity of those documents. Copies of the Dewey Ballantine Withdrawn Partners' Moving Brief on that motion are attached hereto as Exhibit B. Landlord's opposition brief is attached hereto as Exhibit C. That dispute over the

authenticity of documents warrants the preservation, not the destruction, of the source documents in the possession of the Liquidating Trustee.

5. If the State Court does not grant the Dewey Ballantine Withdrawn Partners' motion to dismiss the 1301 Properties Action as against them, they will need discovery, including additional documents that they believe are currently in the possession of the Liquidating Trustee.

6. The Dewey Ballantine Withdrawn Partners will be prejudiced if all of the e-mail, database and hard copy files in the Liquidating Trustee's control are destroyed before any discovery is had in the 1301 Properties Action. Based on the Lease and the documents already submitted in connection with their motion to dismiss, the Dewey Ballantine Withdrawn Partners have a good faith basis to believe that additional documents supporting those defenses will be found in the databases and hard copy files the Trustee is seeking permission to destroy. For example, the Lease describes the importance of "Financial Certifications" transmitted each year by the law firm to the Landlord. Landlord disputes that the two Financial Certifications already submitted to Justice Scarpulla are enough to dismiss the 1301 Properties Action as against the Dewey Ballantine Withdrawn Partners. We expect that additional Financial Certifications exist somewhere in the e-mail files and/or the other computer databases and/or hard copy files the Trustee seeks permission to destroy. Discovery of the parties in

the 1301 Properties Action may reveal who at the law firm may have sent or received those documents so that the Liquidating Trustee can perform a focused search.

7. A decision sustaining the complaint in the 1301 Properties Action may identify additional categories of documents the Dewey Ballantine Withdrawing Partners may need to obtain from the Liquidating Trustee.[*]

8. Because of the uncertainty of their posture and future discovery needs in the 1301 Properties Action, the Dewey Ballantine Withdrawing Partners ask that this Court deny the Liquidating Trustee's motion to dispose of the documents it holds at least until document discovery in the 1301 Properties Action is complete.

9. If this Court does not require the Liquidating Trustee to preserve all of the documents currently in its custody, the Dewey Ballantine Withdrawing Partners ask, in the alternative, that they be given 60 days to make specific document requests to the Liquidating Trustee and that this Court ensure that the Liquidating Trustee comply with all such reasonable requests before he disposes of any documents.

WHEREFORE, the Dewey Ballantine Withdrawing Partners object

---

[*] Should Justice Scarpulla's decision on the motion to dismiss sustain only a cause of action against the Dewey Ballantine Withdrawing Partners that is derivative of a Claim or right assertable by or belonging to the Debtor or its Estate, that would implicate the Release and Injunction in Article XI Second Amended Chapter 11 Plan of Liquidation of Dewey & LeBoeuf LLP. In that event, the Dewey Ballantine Withdrawing Partners would seek appropriate relief from this Court.

to the Motion of the Liquidating Trustee for an Order Authorizing the Decommissioning and Abandonment of Computer Databases and the Abandonment of Hard Copy Records and requests that the Liquidating Trustee's motion be denied, or, in the alternative, that they be given the opportunity to make specific document requests to the Liquidating Trustee and that this Court ensure that the Liquidating Trustee comply with all such reasonable requests before he disposes of any documents.

    Respectfully submitted,

    KORNSTEIN VEISZ WEXLER
      & POLLARD, LLP

    By: /s/ Daniel J. Kornstein
        Daniel J. Kornstein
        Kevin J. Fee
    757 Third Avenue
    New York, New York  10017
    (212) 418-8600

        and

    MANGO & IACOVIELLO, LLP

    14 Penn Plaza, Suite 1919
    New York, New York 10122
    (212) 695-5454

    Attorneys for Dewey Ballantine
      Withdrawing Partners