Hearing Date and Time: April 9, 2015 at 10:00 a.m. (Eastern)

BROWN RUDNICK LLP
Edward S. Weisfelner
Howard S. Steel
7 Times Square
New York, New York 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

*Counsel for the Dewey & LeBoeuf Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X
: 
In re: : Chapter 11
: 
DEWEY & LEBOEUF LLP, : Case No. 12-12321 (MG)
: 
Debtor. : 
: 
--------------------------------------------------------------X

**OMNIBUS REPLY IN SUPPORT OF THE MOTION**
**OF THE LIQUIDATING TRUSTEE FOR AN ORDER**
**AUTHORIZING THE DECOMMISSIONING AND ABANDONMENT**
**OF COMPUTER DATABASES AND ABANDONMENT OF HARD COPY RECORDS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Alan M. Jacobs, as Liquidating Trustee (the "Liquidating Trustee"), for and on behalf of the Dewey & LeBoeuf Liquidation Trust (the "Liquidation Trust"), successor-in-interest to Dewey & LeBoeuf LLP (the "Debtor"), by and through his undersigned counsel, respectfully submits this omnibus reply (the "Reply") in support of the *Motion of the Liquidating Trustee for an Order Authorizing the Decommissioning and Abandonment of Computer Databases and the Abandonment of Hard Copy Records* [Docket No. 2270] (the "Motion").[1]

---

[1] All capitalized terms used, but not defined in this Reply, shall have the meanings ascribed to them in the Motion.

1

**PRELIMINARY STATEMENT**

1.  The Motion is clearly in the best interests of the Liquidation Trust and its economic stakeholders and should be approved. Not a single party in interest questions the Liquidating Trustee's sound business judgment or authority to decommission and abandon the Data Center and Hard Copy Records. It is undisputed that the Data Center and Hard Copy Records are an unnecessary burden to the Liquidation Trust, and their continued preservation impairs the expeditious wind down and closing of this chapter 11 case.

2.  The Objections[2] do not dispute that the relief requested in the Motion is necessary and appropriate to achieve substantial cost savings going forward, will expedite the wind down process and allow the Liquidating Trustee to avoid costly delays in closing this case. Nor do the Objections suggest that the Liquidating Trustee is seeking to avoid any preservation duties of the Liquidation Trust. Accordingly, the Objections do not provide legitimate bases to deny the relief requested in the Motion and should be overruled.

3.  Each of the Objections raises narrow issues or is essentially a reservation of rights pending ongoing discussions with the Liquidating Trustee. The Liquidating Trustee has consensually resolved, or is in the process of attempting to resolve, the matters raised in the Objections. A revised proposed order is attached hereto as **Exhibit A** (the "Revised Proposed Order"), and a blackline to the original proposed order is attached hereto as **Exhibit B**.

4.  The Liquidating Trustee respectfully submits that the Revised Proposed Order is sufficient to consensually address the Objections, and to the extent there are any remaining Objections, they should be overruled as set forth in this Reply.

---

[2] Objections, Limited Objections and Reservations of Rights have been filed by: (i) an ad hoc group of former Dewey Ballantine Partners (the "Dewey Ballantine Partners") [Docket No. 2274]; (ii) Betty M. Shumener and Robert J. Odson ("Shumener and Odson") [Docket No. 2278]; (iii) the Securities and Exchange Commission (the "SEC") [Docket No. 2275]; (iv) Roy E. Hahn ("Hahn") [Docket No. 2276]; and (v) Citistorage LLC ("Citistorage") [Docket No. 2277] (collectively, the "Objections").

2

## **THE OBJECTIONS SHOULD BE OVERRULED**

A.  **The Dewey Ballantine Partners Objection.**

5.  The Dewey Ballantine Partners are defendants in the 1301 Properties Action (as defined in the Dewey Ballantine Partners Objection) pending in the New York State Supreme Court since September 26, 2013. They request that the Court "deny the [Motion] at least until document discovery in the 1301 Properties Action is complete." Dewey Ballantine Partners Objection, ¶ 8. In the alternative, the Dewey Ballantine Partners request "that they be given 60 days to make specific document requests to the Liquidating Trustee and that this Court ensure that the Liquidating Trustee comply with all such reasonable requests before he disposes of any documents." Id. at ¶ 9.

6.  The Dewey Ballantine Partners should not be permitted to dictate the timing and terms of the Liquidation Trust's wind down at the sole costs of Liquidation Trust beneficiaries. The Liquidating Trustee has worked with a substantial majority of the defendants and the plaintiff in the 1301 Properties Action on the terms of the Revised Proposed Order to address their informal objections to the Motion. Specifically, the Revised Proposed Order provides, in relevant part:

> ORDERED that for a period of thirty (30) days after entry of this Order, the Liquidating Trustee will refrain from decommissioning and abandoning the Data Center and abandoning the Hard Copy Records except to the extent agreed upon by the parties to *1301 Properties Owner LP v. Philip M. Abelson, et. al.*, Index No. 653342/2013, pending in the Supreme Court of the State of New York, County of New York, Honorable Saliann Scarpulla presiding (the "1301 Litigation") and the U.S. Securities and Exchange Commission ("SEC") (with such consent obtainable on two days negative email notice), and will cooperate with the reasonable requests of the parties to the 1301 Litigation and the SEC to identify and preserve materials in the Data Center and Hard Copy Records that are relevant to the 1301 Litigation and the SEC Action; and it is further
>
> ORDERED that the parties to the 1301 Litigation and the SEC shall not contest in any way, the Liquidating Trustee's authority under this Order to decommission and abandon the Data Center and Hard Copy Records except as provided herein; and it is further

3

ORDERED that if there is any dispute about whether any particular identified materials must be preserved or may be abandoned under this Order, the parties shall meet and confer and attempt to resolve the dispute and if the parties cannot resolve the dispute, the parties shall submit a joint letter to the Court requesting relief; to the extent there is any dispute over whether any particular identified materials must be preserved or may be abandoned under this Order, the Liquidating Trustee must preserve all such identified materials until final resolution of that dispute, including any appeals;

7. Accordingly, the Revised Proposed Order provides a fair and balanced resolution to the competing demands faced by the Liquidation Trust to control costs and wind down the Debtor's estate, and the litigants to the 1301 Properties Action that may need additional discovery from that already provided by the Liquidation Trust.[3]

8. Given that none of the litigants to the 1301 Properties Action have agreed to pay even a proportionate share of the costs of preserving the Data Center and Hard Copy Records, the accommodation by the Liquidating Trustee in the Revised Proposed Order is more than reasonable, and any remaining Objection by the Dewey Ballantine Partners should be overruled.

**B.    Shumener and Odson Objection.**

9. Shumener and Odson are also defendants in the 1301 Properties Action. They request that the "Court should order that the Liquidating Trustee preserve the documents identified in paragraph 13 [of the Objection]," which they "intend to seek through subpoena." Shumener and Odson Objection, ¶ 16.

10. The terms of the Revised Proposed Order benefitting the parties to the 1301 Properties Action provide Shumener and Odson sufficient time to seek appropriate discovery of

---

[3] On December 18, 2013, counsel for several defendant groups in the 1301 Properties Action, including counsel for the Dewey Ballantine Partners, submitted informal document requests on the Liquidation Trust. See **Exhibit C**. On March 12, 2014, the Liquidation Trust made a responsive production. See **Exhibit D**. The Liquidating Trustee has cooperated with all subsequent requests by the defendant groups.

4

the Liquidation Trust and should consensually resolve their Objection.[4] To the extent Shumener and Odson continue to object or seek additional accommodations from the Liquidation Trust, the Objection should be overruled as the Revised Proposed Order provides a fair and balanced resolution of the competing interests at stake.

C. **SEC Reservation Of Rights.**

11.    The SEC does not contest that the Liquidating Trustee has long cooperated with the SEC's information requests and subpoenas in connection with the SEC Action. In connection with the Motion, the SEC merely asserts that they are reviewing additional indices provided by the Liquidating Trustee, and "reserves its right to seek additional time beyond the hearing date to continue its review of the indices in the event it cannot reach agreement with the Liquidating Trustee prior to the hearing date." SEC Objection, at 2.

12.    As set forth above, the Revised Proposed Order provides the SEC additional accommodations that should consensually resolve its need for additional time or objection to the Motion. To the extent the SEC presses its reservation of rights as an Objection or seeks additional accommodations from the Liquidation Trust, the Objection should be overruled as the Revised Proposed Order provides a fair and balanced resolution of the competing interests at stake.

D. **Hahn Limited Objection.**

13.    Hahn and his related co-plaintiffs assert malpractice claims against the Debtor that are subject to a motion to dismiss scheduled to be heard shortly in the Supreme Court of the State of New York. Hahn acknowledges that "[c]ounsel for Mr. Hahn and counsel for the Trust have engaged in good faith discussion and have reached an agreement in principle regarding the

---

[4]    The Liquidating Trustee notes that the document requests identified in paragraph 13 of their Objection are, *inter alia*, overly broad and unduly burdensome and the Liquidating Trustee reserves all rights and objections with respect to same.

practical preservation of such evidence," and thus the Objection was filed "solely out of an abundance of caution." Hahn Objection, at 1-2.

14. The Liquidating Trustee believes that the Revised Proposed Order consensually resolves Hahn's Objection as it provides, in relevant part:

> ORDERED, that records relating to the action of Roy E. Hahn, both individually and on behalf of his co-plaintiffs in an action pending in the Supreme Court of the State of New York, County of New York, Honorable Eileen Bransten presiding, Index No. 650017/2014, shall be preserved by the Liquidation Trust until such records are produced to the plaintiffs or Hahn agrees such records can be abandoned or the Court otherwise authorizes the Liquidation Trust to abandon the records;

15. To the extent Hahn continues to object or seeks additional accommodations from the Liquidation Trust, the Objection should be overruled as the Revised Proposed Order provides a fair and balanced resolution of the competing interests at stake.

### E. **Citistorage Limited Objection.**

16. Citistorage is a storage vendor of the Debtor holding certain Hard Copy Records. Citistorage asserts that the proposed order "is inconsistent with the [Supplemental File Disposition Order] … in that the proposed order does not contain a provision for the Liquidating Trustee to pay the storage or destruction costs under the [Supplemental File Disposition Order]." Citistorage Objection, at 1.

17. Citistorage's Objection is entirely off the mark as the Liquidating Trustee does not seek to avoid the File Disposition Orders and the Motion and proposed order do not provide a mechanism for doing so. For the avoidance of doubt, the Liquidating Trustee has included in the Revised Proposed Order further clarifying language, in relevant part:

ORDERED that the Liquidating Trustee has no preservation duties with respect to the Data Center or Hard Copy Records and will not be responsible for any costs relating to the continued maintenance and storage of the Data Center or Hard Copy Records upon abandonment or transfer; <u>provided</u>, <u>however</u>, that for the avoidance of any doubt, this Order does not supersede and fully incorporates into its terms, the *Supplemental Order Approving And Authorizing Implementation Of Procedures For Disposition Of Former Client Files*, dated January 25, 2013 [Docket No. 905];

18. Accordingly the Liquidating Trustee believes that the Revised Proposed Order consensually resolves Citistorage's Objection and any further Objection by Citistorage should be overruled.

## **CONCLUSION**

19. The Liquidating Trustee has sought at every turn to accommodate third party preservation requests and the relief requested in the Motion does not seek to avoid the Liquidating Trustee's preservation duties. Rather, the Motion seeks authority to abandon the Data Center and Hard Copy Records, subject to any subpoenas, litigation holds, or other agreements to preserve. Granting the Motion will provide the Liquidating Trustee and its beneficiaries substantial cost savings and advance the wind down and completion of this case. Accordingly, the Objections should be overruled.

[*remainder of page left intentionally blank*]

WHEREFORE, based on the foregoing, the Liquidating Trustee requests that the Court overrule the Objections and enter the Revised Proposed Order attached hereto as <u>Exhibit A</u>.

Dated: April 7, 2015
      New York, New York

**BROWN RUDNICK LLP**

By: */s/ Howard S. Steel*
    Edward S. Weisfelner
    Howard S. Steel
    BROWN RUDNICK LLP
    7 Times Square
    New York, New York 10036
    Telephone: (212) 209-4800
    Facsimile:  (212) 209-4801

*Counsel for the
Dewey & LeBoeuf Liquidation Trust*