Hearing Date: August 19, 2015 at 10:00 a.m. (ET)
Response Deadline: August 12, 2015 at 4:00 p.m. (ET)

BROWN RUDNICK LLP
Edward S. Weisfelner
Howard S. Steel
7 Times Square
New York, New York 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

*Counsel for the*
*Dewey & LeBoeuf Liquidation Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
In re:                                                       :   Chapter 11
                                                             :
DEWEY & LEBOEUF LLP,                                         :   Case No. 12-12321 (MG)
                                                             :
                        Debtor.                              :
                                                             :
-------------------------------------------------------------X

## NOTICE OF MOTION OF THE
## DEWEY & LEBOEUF LIQUIDATION TRUST FOR EIGHTH
## EXTENSION OF DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED

**PLEASE TAKE NOTICE** that a hearing on the *Motion of the Dewey & LeBoeuf Liquidation Trust for Eighth Extension of Date by Which Objections to Claims Must be Filed* (the "Motion"), will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, on **August 19, 2015 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Motion (the "Responses") must be made in writing, stating in detail the reasons therefore, and must be filed with the Clerk of the Bankruptcy Court, with paper copies delivered to Bankruptcy Judge Martin

Glenn's Chambers, and served upon: (i) Brown Rudnick LLP, Seven Times Square, New York, New York 10036, Attn: Edward S. Weisfelner, Esq. and Howard S. Steel, Esq.; (ii) parties on the Special Service List (as defined in the Case Management Order, see ECF No. 30); and (iii) any parties required to be served under any applicable Bankruptcy Rules or Local Rules, so that such Responses are actually received by the aforementioned parties by no later than **August 12, 2015 at 4:00 p.m.** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Reponses are timely filed and served with respect to the Motion, the Liquidating Trustee may submit to the Court the proposed order attached as Exhibit 1 to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: August 5, 2015
      New York, New York

                **BROWN RUDNICK LLP**

                By: /s/ *Howard S. Steel*
                Edward S. Weisfelner
                Howard S. Steel
                BROWN RUDNICK LLP
                7 Times Square
                New York, New York 10036
                Tel: (212) 209-4800
                Fax: (212) 209-4801

                *Counsel for the*
                *Dewey & LeBoeuf Liquidation Trust*

Hearing Date: August 19, 2015 at 10:00 a.m. (ET)
Response Deadline: August 12, 2015 at 4:00 p.m. (ET)

BROWN RUDNICK LLP
Edward S. Weisfelner
Howard S. Steel
7 Times Square
New York, New York 10036
Telephone:  212-209-4800
Facsimile:  212-209-4801

*Counsel for the*
*Dewey & LeBoeuf Liquidation Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
In re:                                                       :    Chapter 11
                                                             :
DEWEY & LEBOEUF LLP,                                         :    Case No. 12-12321 (MG)
                                                             :
                                Debtor.                      :
                                                             :
-------------------------------------------------------------X

**MOTION OF THE DEWEY & LEBOEUF
LIQUIDATION TRUST FOR EIGHTH EXTENSION
OF DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

      Alan M. Jacobs, the Liquidating Trustee (the "Liquidating Trustee") for and on behalf of the Dewey & LeBoeuf Liquidation Trust (the "Liquidation Trust"), by and through his undersigned counsel, respectfully submits this motion (the "Motion") for entry of an Order, substantially in the form attached hereto as **Exhibit 1**, to extend the deadline by which the Liquidating Trustee may file objections to claims for an additional ninety (90) days, through and including November 7, 2015.  The Liquidating Trustee submits the *Declaration of Alan M.*

*Jacobs*, attached hereto as **Exhibit 2**, in support of the Motion and respectfully represents as follows:

## BACKGROUND

1. On May 28, 2012, Dewey & LeBoeuf LLP (the "Debtor") commenced a voluntary case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On July 26, 2012, the Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs. See Docket Nos. 293 and 294.

3. On July 30, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order"). See Docket No. 303. Pursuant to the Bar Date Order, September 7, 2012 at 5:00 p.m. (Eastern Time) was established as the general bar date for filing proofs of claim and November 26, 2012 at 5:00 p.m. (Eastern Time) was established as the bar date for governmental units to file proofs of claim.

4. On January 7, 2013, the Debtor filed its *Second Amended Chapter 11 Plan of Liquidation of Dewey & LeBoeuf LLP, Dated January 7, 2013* (the "Plan"), Docket No. 807, which the Court confirmed by Order, dated February 27, 2013. See Docket No. 1144. On March 22, 2013, the Plan became effective (the "Effective Date"). See Docket No. 1306.

5. On the Effective Date, the Liquidation Trust was established and the Liquidating Trustee was appointed with all of the rights, powers and duties as set forth in the Plan and the Dewey & LeBoeuf Liquidation Trust Agreement (the "Liquidation Trust Agreement").

6. Pursuant to the Plan and Liquidation Trust Agreement, the Liquidating Trustee is responsible for, among other things, objecting to proofs of claim. See Plan § 7.6(a)(iv); Liquidation Trust Agreement § 6.4(b)(xvii).

7. Under the Plan, the Claims Objection Bar Date was established as the date that is one hundred and eighty (180) days after the Effective Date, or September 18, 2013. See Plan at § 9.1.

8. On August 2, 2013, the Liquidating Trustee filed a motion to extend the Claims Objection Bar Date for 120 days. See Docket No. 1569. On August 20, 2013, the Court entered its Order extending the Claims Objection Bar Date through January 16, 2014. See Docket No. 1600.

9. On December 26, 2013, the Liquidating Trustee filed the second motion to extend the Claims Objection Bar Date for an additional 120 days. See Docket No. 1945. On January 15, 2014, the Court entered an Order extending the Claims Objection Bar Date through May 16, 2014. See Docket No. 1974.

10. On May 6, 2014, the Liquidating Trustee filed the third motion to extend the Claims Objection Bar Date for an additional 90 days. See Docket No. 2072. On May 23, 2014, the Court entered an Order extending the Claims Objection Bar Date through August 14, 2014. See Docket No. 2101.

11. On August 12, 2014, the Liquidating Trustee filed the fourth motion to extend the Claims Objection Bar Date for an additional 90 days. See Docket No. 2167. On September 2, 2014, the Court entered an Order extending the Claims Objection Bar Date through November 12, 2014. See Docket No. 2182.

12. On November 12, 2014, the Liquidating Trustee filed the fifth motion to extend the Claims Objection Bar Date for an additional 90 days. See Docket No. 2213. On December 9, 2014, the Court entered an Order extending the Claims Objection Bar Date through February 10, 2015. See Docket No. 2229.

13. On January 23, 2015, the Liquidating Trustee filed the sixth motion to extend the Claims Objection Bar Date for an additional 90 days. See Docket No. 2246. On February 10, 2015, the Court entered an Order extending the Claims Objection Bar Date through May 11, 2015. See Docket No. 2254.

14. On March 19, 2015, the Liquidating Trustee filed the *Motion of the Liquidating Trustee for an Order Authorizing the Decommissioning and Abandonment of Computer Databases and the Abandonment of Hard Copy Records* (the "Wind-Down Motion"). See Docket No. 2270. On April 9, 2015, the Court entered an Order granting the Wind-Down Motion (the "Wind-Down Order"). See Docket No. 2287.

15. On May 26, 2015, the Liquidating Trustee filed the seventh motion to extend the Claims Objection Bar Date for an additional 90 days. See Docket No. 2298. On June 23, 2015, the Court entered an Order extending the Claims Objection Bar Date through August 9, 2015. See Docket No. 2307.

16. Approximately 1,324 proofs of claim have been filed in this case, with asserted liabilities in excess of $1.2 billion, plus unliquidated amounts.

17. The Liquidating Trustee has been diligently attending to the wind-down of the Debtor's affairs, including the reconciliation and resolution of proofs of claim. To date, the Debtor and the Liquidating Trustee have made significant progress, filing thirty-seven omnibus objections to claims. Through these efforts, approximately 1,322 claims have been resolved as either allowed or expunged and the remaining approximately two claims are subject to ongoing reconciliation (the "Unresolved Claims").

## JURISDICTION

18. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article IX of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 1141 and Bankruptcy Rule 9006.

## RELIEF REQUESTED

19. By this Motion, the Liquidating Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit 1**, extending the Claims Objection Bar Date for an additional ninety (90) days, from August 9, 2015 through and including November 7, 2015, without prejudice to the ability of the Liquidating Trustee to request further extensions.

## BASIS FOR RELIEF

20. Article IX of the Plan expressly provides the Court with discretion to extend the Claims Objection Bar Date upon motion of the Liquidating Trustee. See Plan at § 9.1 (Claims Objection Bar Date subject to extension by the Bankruptcy Court upon notice and motion of the Liquidation Trustee).

21. Extending the Claims Objection Bar Date is consistent with the Court's broad authority under Bankruptcy Code Sections 105(a) and 1141(b) to issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."); 11 U.S.C. § 1141(a) ("The court may direct the debtor . . . to perform any other act . . . that is necessary for the consummation of the plan."); Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad

equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code.").

22. The Court has the inherent power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96-97 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

23. Bankruptcy Rule 9006(b) provides that a deadline may be extended before its expiration "for cause shown." Fed. R. Bankr. P. 9006(b). The Liquidating Trustee is requesting that the Court extend the Claims Objection Bar Date before its expiration. Accordingly, this Court may grant the relief requested herein "for cause shown."

24. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused . . ." 10 COLLIER ON BANKRUPTCY ¶ 9006.06[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Here, there is ample cause supporting a reasonable extension of the Claims Objection Bar Date.

25. This Court has previously granted extensions of the Claims Objection Bar Date, and similar relief to that requested in this Motion has been granted by the Court in other Chapter 11 cases. See, e.g., In re BGI, Inc. (f/k/a Borders Group, Inc.), Case No. 11-10614 (MG), Docket No. 3488 (Bankr. S.D.N.Y. Mar. 14, 2014) (granting eighth extension of claims objection deadline by six months); In re Oldco M Corporation (f/k/a Metaldyne Corporation), Case No. 09-13412 (MG), Docket No. 2319 (Bankr. S.D.N.Y. Nov. 28, 2012) (granting eighth extension of claims objection deadline by three months); In re Refco Inc., No. 05-60006 (RDD),

6

ECF Nos. 4936, 5498, 5882, 6260, 6384, 6614, 6729, 6801, 6865, 6929, 7021 (Bankr. S.D.N.Y.) (extending claims objection deadline eleven times).

26. The Liquidating Trustee submits that an extension of the Claims Objection Bar Date through and including November 7, 2015, is appropriate under the circumstances and is not sought for purposes of delay. The Liquidating Trustee is engaged in discussions with the holders of the Unresolved Claims with regard to consensually resolving such claims, which involve complex issues with respect to possible insurance coverage and pending litigation, as well as contingent and unliquidated amounts. The Liquidating Trustee is otherwise working to timely complete the efficient wind-down of the estate and the closing of this case, including taking appropriate measures pursuant to the Wind-Down Order. Accordingly, the Liquidating Trustee believes that the requested ninety (90) day extension is necessary and reasonable in light of the circumstances.

27. In sum, good and sufficient cause exists to grant the requested extension of the Claims Objection Bar Date through and including November 7, 2015.

**RESERVATION OF RIGHTS**

28. The Liquidating Trustee expressly reserves his right to seek additional extensions of the Claims Objection Bar Date as may be necessary and appropriate and reserves all his rights, including under the Plan, Wind-Down Order and the Liquidation Trust Agreement.

29. This Motion does not present any novel issues of law and the legal authority relied upon by the Liquidating Trustee is set forth in this Motion. However, the Liquidating Trustee reserves the right to file a memorandum in response to any opposition that may be filed to this Motion.

7

## NOTICE

30. Notice of this Motion has been served in accordance with the Case Management Order. See Docket No. 30. The Liquidating Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

31. Except as set forth in this Motion, no previous request for the relief sought in this Motion has been made by the Liquidating Trustee to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit 1**, extending the Claims Objection Bar Date through and including November 7, 2015, and granting such other and further relief as the Court deems just and proper.

Dated:  August 5, 2015
        New York, New York

**BROWN RUDNICK LLP**

By: */s/ Howard S. Steel*
    Edward S. Weisfelner
    Howard S. Steel
    BROWN RUDNICK LLP
    7 Times Square
    New York, New York 10036
    Telephone: (212) 209-4800
    Facsimile: (212) 209-4801

*Counsel for the
Dewey & LeBoeuf Liquidation Trust*